UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | :Case No.: 3:25CR002WHR |
| | : |
| **Plaintiff,** | :**MOTION OF THE UNITED STATES FOR** |
| | : **PRETRIAL DETENTION** |
| **vs.** | : |
| | : |
| **ANTHONY GOINS,** | : |
| | : |
| **Defendant.** | : |

Pursuant to the Bail Reform Act, *see* 18 U.S.C. § 3142 *et seq.*, the United States moves for the pretrial detention of the defendant because no condition or combination of conditions will reasonably assure his or her appearance and/or the safety of any person or the community.  Specifically:

A.    <u>REBUTTABLE PRESUMPTION OF DETENTION</u>

In this case, the Bail Reform Act creates a rebuttable presumption that the defendant should be detained because there is probable cause to believe that he or she committed:

- an offense involving a minor victim under 18 U.S.C. §§ 1201 (kidnapping), 1591 (sex trafficking of children), 2241 (aggravated sexual abuse), 2242 (sexual abuse), 2244(a)(1) (abusive sexual contact), 2245 (certain sex offenses resulting in death), 2251 (production of child pornography), 2252(a)(1)-(a)(4) (transport, receipt, sale or possession of child pornography), 2260 (production of

child pornography for importation into the United

States), 2421 (interstate transportation of an individual

for prostitution), 2422 (coercion and enticement), 2423

(transportation of minors), or 2425 (use of interstate

facilities to transmit information about a minor).  *See*

18 U.S.C. § 3142(e)(3)(E).

**B.**    **HEARING REQUIRED**

The Bail Reform Act requires the Court to hold a hearing to

determine whether to release or to detain the defendant because

the United States requests such a proceeding and the case

concerns:

- a crime of violence – namely, any offense that has as an

  element of the offense the use, attempted use, or

  threatened use of physical force against the person or

  property of another; or any felony under 18 U.S.C. §§

  1581 – 1597 (peonage, slavery, trafficking in persons),

  §§ 2241 – 2245 (sexual abuse), §§ 2251 – 2252 (sexual

  exploitation and other abuse of children), or §§ 2421 –

  2427 (transportation for illegal sexual activity).  *See*

  18 U.S.C. §§ 3142(f)(1)(A) (requiring hearing) &

  3156(a)(4) (defining crime of violence).

- an offense for which the maximum sentence is life

  imprisonment or death.  *See* 18 U.S.C. §§ 3142(f)(1)(B).

2

- any felony offense not otherwise a crime of violence that involves a minor victim.  *See* 18 U.S.C. §§ 3142(f)(1)(E).

- a serious risk that the defendant will flee.  *See* 18 U.S.C. §§ 3142(f)(2)(A).

**C.   <u>TIMING OF HEARING</u>**

The United States requests that the Court set the detention hearing in three (3) business days (i.e., excluding any intermediate Saturday, Sunday, or legal holiday) and order the defendant detained pending that proceeding.  *See* 18 U.S.C. § 3142(f).

**D.   <u>CONCLUSION</u>**

Based on the foregoing as well any evidence and argument presented at the detention hearing in this matter, the United States respectfully submits that no condition or combination of conditions will reasonably assure the defendant's appearance and/or the safety of any person or the community.  The defendant therefore should be detained pending further proceedings.

KENNETH L. PARKER
United States Attorney


s/Brent Tabacchi
_____
BRENT G. TABACCHI
Assistant United States Attorney
Attorneys for Plaintiff
602 Federal Building
200 West Second Street
Dayton, OH   45402
Telephone: (937) 225-2910
Fax: (937) 225-2564

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on defendant's counsel this 17th day of January 2025 via the Court's ECF System.

s/Brent G. Tabacchi
BRENT G. TABACCHI
Assistant United States Attorney